# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Hill,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>    Defendants. | No. CV 04-1908-PHX-SRB (JM)<br><br>**REPORT AND RECOMMENDATION** |

In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation. Pending before the Court is Defendants' Motion for Summary Judgment [Docket No. 31]. For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, grant in part and deny in part the pending motion.

**A.    Procedural Background**

Plaintiff, an Arizona prisoner who, at the time of the events giving rise to his claims, was incarcerated at the Maricopa County Tower Jail in Phoenix, Arizona, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983 on September 13, 2004. By order dated May 19, 2005, the Court dismissed count two of the complaint, ordered the complaint served, and ordered that Defendants Arpaio and Pena answer the complaint. The remaining counts in the complaint are count one, alleging that Towers Jail is severely overcrowded in violation of

Plaintiff's Fourteenth Amendment rights, and count three, alleging that Defendant Pena subjected Plaintiff to the excessive use of force.

After the answer was filed and discovery completed, Defendants filed the pending Motion for Summary Judgment seeking judgment on the remaining claims in the complaint based on Plaintiff's failure to establish that he suffered physical injury sufficient to support a claim under the requirement of 42 U.S.C. § 1997(e).

**B.     Standard for Summary Judgment**

Summary Judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

In seeking summary judgment, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed.R.Civ.P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* Indeed, Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such circumstances, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the

1 existence of this factual dispute, the opposing party may not rely upon the allegations or denials 2 of its pleadings but is required to tender evidence of specific facts in the form of affidavits, 3 and/or admissible discovery material, in support of its contention that a dispute exists. *See* 4 Fed.R.Civ.P. 56(e); *Matsushita*, 475 U.S. at 586 n. 11. The opposing party must demonstrate 5 that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under 6 the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec.* 7 *Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

8 In resolving the summary judgment motion, the evidence of the opposing party is to be 9 believed. *See Anderson*, 477 U.S. at 255. All reasonable inferences that may be drawn from 10 the facts placed before the court must be drawn in favor of the opposing party. *See Matsushita*, 11 475 U.S. at 587.

12 **C.    Facts**

13 On March 31, 2004, Plaintiff was booked into the Maricopa County Jail. Plaintiff 14 remained in custody from March 31, 2004 through November 26, 2004, when he was released 15 to the Arizona Department of Corrections. While in custody, Plaintiff was housed in Maricopa 16 County's Towers Jail. *Defendants' Statement of Facts* ("*DSOF*"), ¶ 1.

17 Plaintiff's criminal trial was scheduled to begin on July 22, 2004, and that morning he 18 was taken to a holding tank in Towers Jail in preparation for his transport to court. *DSOF*, ¶ 2. 19 When detention officers came to take Plaintiff to court, they removed him from the holding cell 20 and attempted to handcuff him. According to Maricopa County Sheriff's Office report regarding 21 the incident, Plaintiff became combative and was taken to the ground by the detention officers. 22 At the same time, Defendant Pena administered an electric shock to Plaintiff using a Taser stun 23 device. *DSOF*, ¶ 3.

24 **D.    Discussion**

25 Defendants argue that Plaintiff's injuries were *de minimis* or non-existent. The Prison 26 Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner 27 confined in jail, prison, or other correctional facility, for mental and emotional injury suffered 28 while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e). The

physical injury "need not be significant but must be more than *de minimis*." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal or punitive damages. *Id.* at 630.

Defendants have established that Plaintiff's physical injuries were *de minimis*, at the most. As explained in the motion and supporting factual recitation, Plaintiff admitted that overcrowding caused him no injury "[o]ther than from mental stress . . . ." *Deposition of Michael Hill*, Defendant's Exhibit 4, pp. 20-21. Likewise, in relation to his claims of the use of excessive force, Plaintiff stated that he was going through "mental/emotional situations," but could not recall any physical injuries. *Id.*, Exhibit 5, pp. 30-33. These candid admissions establish that Plaintiff certainly suffered no more than *de minimis* physical injuries, which do not satisfy the requirement under 42 U.S.C. § 1997e(e), and is therefore not entitled to damages for emotional injury. *See Oliver*, 289 F.3d at 627-29.

This conclusion, however, does not entirely resolve the case. In *Oliver*, the Ninth Circuit distinguished prayers for damages for emotional injury from those requesting compensatory and punitive damages. *Id.* at 629. In *Oliver*, the plaintiff's complaint sought punitive damages and was construed to be "consistent with a claim for nominal damages." *Id.* at 630. The Court determined that even absent physical injury, a prisoner was entitled to seek compensatory, nominal and punitive damages premised on violations of his Fourteenth Amendment rights. *Id.* at 629-630.

Here, Plaintiff alleged in counts one and three the violation of his Fourteenth Amendment rights and specifically sought in his request for relief "compensation for damages" and "punitive damages." *Complaint*, p. 7. Defendants have not sought summary judgment on these claims. Thus, to the extent Plaintiff has actionable claims for compensatory and punitive damages based on the violation of his Fourteenth Amendment rights, and not based on any alleged mental or emotional injuries, his claims are not barred by 42 U.S.C. § 1997e(e).

**E.     Recommendation**

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, issue an Order

1.     **Denying in part and Granting in part** Defendants' Motion for Summary Judgment [Docket No. 31];

2.     **Striking** Plaintiff's request for damages based on emotional/mental injury; and

3.     **Setting** this matter for trial**.**

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court.  *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections.  If any objections are filed, this action should be designated case number: **CV 04-1908-PHX-SRB**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.  *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 6th day of March, 2007.

Jacqueline Marshall
United States Magistrate Judge

- 5 -